574

that can be said of this record is that some loss of hearing was established. The extent or effect of it is undisclosed. There is no evidence that it constituted a handicap to employment or had any bearing on claimant's employability. Neither is there anything to indicate that there is any greater disability than that which resulted from the last accident alone. We find no substantial evidence in this record that claimant was suffering from a permanent physical impairment within the meaning of subdivision 8 of section 15 so as to warrant charging the Special Fund with liability. Decision reversed, with costs to appellant, and the matter remitted to the Workmen's Compensation Board.

■ In the Matter of ROBERT SILVERLIEB, an Infant.—Judgment of the Children's Court of Albany County which found appellant to be a delinquent child and placed him on probation, unanimously affirmed. The court correctly found that the acts proven were not such as would, if committed by an adult, constitute either unlawful entry or attempted rape. These acts would, however, warrant the conviction of an adult of assault in the third degree and they alone were sufficient basis for the finding.

■ (A) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES J. LONG, JR., Appellant. (B) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE W. KAHLER, JR., Appellant. (C) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NELSON TROCHE, Appellant. [In each action] Motion for an enlargement of time within which to perfect appeal. Motion granted and time is extended to the March 1961 Term of this court.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE HETENYI, Appellant, v. W. CECIL JOHNSTON, as Director of Dannemora Hospital, Respondent.— Motion for reargument denied.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MORGAN D. RYAN, Appellant.— Motion to prosecute appeal as a poor person granted upon condition that appellant file record and brief on or before November 18, 1960 and be ready for argument on the 28th day of November, 1960. Respondent to serve and file its brief on or before November 25, 1960.

■ In the Matter of the Claim of ADOLPH M. SCHUSTER, Respondent. MARTIN P. CATHERWOOD, as Industrial Commissioner, Appellant.— Motion by Robert L. Harder, Esq., heretofore appointed to represent the claimant-respondent herein for an order fixing his fee. Motion granted and his fee is hereby allowed and fixed in the sum of $100 pursuant to the provisions of section 538 of the Labor Law.

■ GLEN PRENTICE, Respondent, v. NEW YORK STATE ELECTRIC & GAS CORPORATION et al., Appellants. NEW YORK STATE ELECTRIC & GAS CORPORATION, Defendant and Third-Party Plaintiff-Appellant, v. BRADLEY & WILLIAMS, INC., Third-Party Defendant-Respondent. VERNETTA RUSSELL, as Limited Administratrix of the Estate of EDWARD L. RUSSELL, Deceased, Respondent, v. NEW YORK STATE ELECTRIC & GAS CORPORATION et al., Appellants. NEW YORK STATE ELECTRIC & GAS CORPORATION, Defendant and Third-Party Plaintiff-Appellant, v. BRADLEY & WILLIAMS, INC., Third-Party Defendant-Respondent.— Motion for reargument, or in the alternative, for permission to appeal to the Court of Appeals denied, without costs.

■ In the Matter of the Claim of IRVING HIRSCH, Respondent. MARTIN P. CATHERWOOD, as Industrial Commissioner, Appellant.— Motion by Robert L. Harder, Esq., heretofore appointed to represent the claimant-respondent herein for an order fixing his fee and disbursements. Motion granted and his fee is hereby allowed and fixed in the sum of $150 and his disbursements are allowed in the sum of $25 pursuant to the provisions of section 538 of the Labor Law.

■ In the Matter of the Claim of WALTER DMYTRESHIN, Respondent. MARTIN P. CATHERWOOD, as Industrial Commissioner, Appellant.— Motion by